UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JARAYSA POLANCO, *et al.* | : | NO. 1:24-CV-00525 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| DENISE BLACKWELL, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

In this action for damages resulting from a motor vehicle accident, Plaintiffs Jaraysa Polanco, Juan Toribio, Jeury Polanco, and Charlie Espinal, moved for summary judgment against Defendant Denise Blackwell's counterclaims against Plaintiff Toribio. Doc. 33. Because genuine issues of material facts exist, the Court will deny the motion for summary judgment.

## I.    BACKGROUND

This case involves a three-car chain crash on highway Interstate-81 in Pennsylvania. Doc. 33 ¶ 10; Def.'s Resp. Statement of Facts, doc. 37 ¶ 10. The Defendant was operating the first car; behind her, Ricky Kiene, a non-party, operated the middle car; Plaintiff Toribio operated, and the rest of the Plaintiffs were passengers in, the last car in the chain. Doc. 33 ¶¶ 6-8; doc. 37 ¶¶ 6-8.

The parties primarily disagree on how the accident occurred and who was responsible. The Plaintiffs argue that the Defendant's car came to "an abrupt stop/slow in the roadway causing the three-vehicle crash." Doc. 33 ¶¶ 10, 33. They find support in the deposition testimonies of the Defendant, the Defendant's passenger, and Kiene. *Id.* ¶¶ 15-20. First, the Defendant testified that she does not believe there is anything that Kiene and Plaintiff Toribio could have done differently on the day of the accident, and that she could not see that they did anything wrong. *Id.* ¶¶ 15-16. Second, the Defendant's passenger testified that she did not feel any deceleration. *Id.* ¶ 17. And third, Kiene testified that he faults the Defendant for the accident and denies any fault on the part of Plaintiff Toribio. *See id.* ¶¶ 18, 20.

The Defendant disagrees, maintaining that she did not abruptly stop, but gradually decelerated to a stop. Doc. 37 ¶ 10. She submits Plaintiffs Toribio and Jaraysa Polanco's deposition testimonies in which they admit to traveling "approximately a vehicle" behind Kiene before the accident. *Id.* ¶ 21. The Defendant also submits an expert report concluding that the chain accident occurred because both the middle car

and the last car failed to maintain a safe following distance. See doc. 40-2 at 7.

On March 28, 2024, the Plaintiffs, invoking the Court's diversity jurisdiction (see doc. 1-1 at 1), brought this action against the Defendant, asserting a negligence claim arising from the motor vehicle accident. Complaint, doc. 1 at 4. The Defendant answered, alleging counterclaims for negligence and comparative negligence against Plaintiff Toribio. Answer, doc. 6 at 5. Following the close of discovery, the Plaintiffs filed a motion for summary judgment as to the Defendant's counterclaims against Plaintiff Toribio. Doc. 33. The parties have filed their briefs, and the motion is ripe for disposition. Docs. 34, 38, 40. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 11.

## II.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" when "a reasonable jury could return a verdict for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" only if it can "affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006), citing *Anderson*, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248.

The moving party bears the burden of showing that no genuine dispute exists such that summary judgment is warranted. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the movant adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324.

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004), citing *Anderson*, 477 U.S. at 255. Rather, "[a]ll facts and inferences are construed in the light most favorable to the non-moving party." *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). Credibility

determinations are "the province of the factfinder." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). The court's role, at the summary judgment stage, is "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. There can be "no genuine issue as to any material fact," however, if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## III.  ANALYSIS

The Court will deny the Plaintiffs' motion for summary judgment because there are genuine issues to be tried.

To begin with, the Plaintiffs have not met their burden on summary judgment. They argue that the Defendant cannot establish the breach of duty and causation elements of negligence, which are essential to the Defendant's counterclaims against Plaintiff Toribio. Pl.'s Br., doc. 34 at 12; *see Celotex*, 477 U.S. at 322. In support, they offer the deposition testimonies of the Defendant, the Defendant's passenger, and Kiene, to argue that the Defendant caused the accident because her car came to "an abrupt stop/slow in the roadway." Doc. 33 ¶ 10.

First, the Plaintiff overlooks relevant parts of the Defendant's and her passenger's testimonies. The Defendant's own deposition testimony rebuts the Plaintiffs' argument that the Defendant's vehicle came to an abrupt stop. When asked whether the Defendant would describe her vehicle as coming to a quick stop, the Defendant answered: "No, I wouldn't. . . . It was more gradual, but quick." Def.'s Dep. Tr., doc. 34-1 at 22:19-24, 23:1.

Second, the Defendant's passenger's testimony that she did not specifically feel any deceleration must be considered against her twice stating that she was not paying much attention at the time of the accident. *See* Desiree Blackwell's Dep. Tr., doc. 34-3 at 16:6-8, 14:18-19 ("Again, I wasn't really paying attention"), 15:7-11 ("Q: Were you paying attention at all? A: No."). Construing all reasonable facts and inferences in the light most favorable to the non-moving party, the Court finds that the eyewitness accounts of the accident relied upon by the Plaintiffs raise a genuine dispute as to the parties' negligence.[1]

---

[1] The Plaintiffs have not filed a reply brief and did not address their own deposition testimonies in their moving brief.

Even if the Plaintiffs had met their initial burden, the Defendant marshals enough evidence to establish a genuine dispute of material facts as to each element of her counterclaim against Plaintiff Toribio. The elements of negligence under Pennsylvania law are: (1) a legally recognized duty or obligation of the defendant; (2) the breach thereof; and (3) a causal connection between the breach and the plaintiffs' damages. *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 776 (3d Cir. 2018) (citation modified), citing *Green v. Pa. Hosp.*, 123 A.3d 310, 315-16 (Pa. 2015).

First, the Defendant establishes each element of negligence by asserting and submitting proof that Plaintiff Toribio, at minimum, may have violated the "assured clear distance ahead" rule, codified in 75 Pa. C.S. § 3361, by following too closely behind Kiene's vehicle. Def.'s Br., doc. 38 at 9. That rule provides that:

> No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead.

75 Pa. C.S. § 3361.

The assured clear distance ahead rule has been well-established in Pennsylvania. *See Smith v. Wells*, 212 A.3d 554, 559 (Pa. Super. Ct. 2019); *Griffith v. Weiner*, 95 A.2d 517, 517 (Pa. 1953). Under that rule, no person may drive a vehicle at a speed greater than that which will allow the driver to stop within the distance ahead that he can clearly see. *Stevens ex rel. White v. Se. Pa. Transp. Auth.*, 518 A.2d 810, 813 (Pa. Super. Ct. 1986); *see Lockhart v. List*, 665 A.2d 1176, 1180 (Pa. 1995) (emphasis in original) ("In short, the assured clear distance ahead rule simply requires a driver to control the speed of his or her vehicle so that he or she will be able to stop within the distance of whatever *may reasonably be expected* to be within the driver's path."). A driver's failure to stop in the assured clear distance ahead is negligence *per se. Smith*, 212 A.3d at 555. In general, the question of whether a party violated the clear distance ahead rule is a question for the fact-finder. *See Smith*, 212 A.3d at 560; *Fish v. Gosnell*, 463 A.2d 1042, 1051 (Pa. Super. Ct. 1983), citing *McElhinny v. Iliff*, 260 A.2d 739 (Pa. 1970) ("The applicability of the assured clear distance ahead rule is generally a question of fact for the jury, especially if the facts are disputed or dependent upon the credibility of oral testimony.").

The Defendant submits Plaintiff Toribio's deposition testimony in which he admitted to traveling approximately 65 mph and driving one car length behind Kiene's vehicle at the time of the accident. *See* Pl.-Toribio Dep. Tr., doc. 37-4 at 24:5-12. Plaintiff Jaraysa Polanco's deposition testimony further confirmed the traffic conditions, the speed, and the distance that Plaintiff Toribio operated his car behind that of Kiene. *See* Pl.-Jaraysa Polanco's Dep. Tr., doc. 37-5 at 13:1 ("65 miles per hour"), 13:4-8 ("[I]t wasn't heavy traffic . . . it didn't feel congested and heavy"), 14:15-21 (responding to the question of how much distance there was between the front of the Plaintiffs' vehicle and that of Kiene: "Maybe less than a car or less than a car could fit."). In cases involving rear-end collisions, like in the instant case, Pennsylvania courts have drawn the inference that the "driver of the offending vehicle either was not sufficiently vigilant or failed to have his vehicle under such control that he could bring it to a stop within assured clear distance ahead." *Mano v. Madden*, 738 A.2d 493, 498 (Pa. Super. Ct. 1999), quoting *Cianci v. Burwell*, 445 A.2d 809, 810 (Pa. Super. Ct. 1982). Considering that the parties appear to not have been travelling in stop-and-go traffic, but in normal highway conditions (*see* doc. 37-5 at 13:4-8), the Court finds that

a reasonable fact-finder may conclude that Plaintiff Toribio, by following one car length or less behind Kiene, caused the collision of his vehicle with Kiene's. *See Smith*, 212 A.3d at 560 (finding negligence per se where a party drove at a speed that made it impossible for him to stop his vehicle within the clear distance ahead, "because that distance ahead ended where [the other party's] bumper began").

The Defendant also submits an expert report by an accident reconstructionist that concludes, among other things, that the factual evidence is consistent with both Kiene and Plaintiff Toribio following too closely behind the Defendant's vehicle. *See* doc. 40-2 at 6 ("Even if the Kien Chrysler had not first rear-ended the Blackwell Honda, the Toribio Honda still would have rear-ended the Kiene Chrysler."). Put differently, Plaintiff Toribio, by following at about one car length behind Kiene, caused his own accident regardless of whether the Defendant suddenly or gradually stopped. As other courts in the Third Circuit have found, the Court finds that an expert's forensic testimony that establishes a violation of the assured clear distance rule by demonstrating excessive speed under the specific circumstances presented can prove negligence.

*See, e.g., Mastalski v. GEICO*, No. 20-1321, 2022 WL 17668801, at \*4 (W.D. Pa. Dec. 14, 2022).

In sum, because evidence in the record would allow a jury to rule in the Defendant's favor, the Plaintiffs are not entitled to summary judgment on the counterclaim of negligence. *See Barry v. Wheeler*, No. 16-2248, 2019 WL 1922086, at \*3 (M.D. Pa. Apr. 30, 2019), citing *Jabara v. Lang*, No. 12-1833, 2014 WL 47767, at \*4 (M.D. Pa. Jan. 6, 2014) (citations omitted) (denying summary judgment on the issue of negligence as a matter of law in motor vehicle accident on disputed factual records).[2]

---

[2] Under Pennsylvania law, a plaintiff cannot recover against another party in negligence if his own negligence was more than fifty percent responsible for his injuries. *See* 42 Pa. C.S. § 7102(a). Because genuine dispute of material facts remains as to each party's negligence, the Court will also deny summary judgment on the issue of comparative negligence. *See O'Brien v. Martin*, 638 A.2d 247, 249 (Pa. Super. Ct. 1994) ("[I]t is well-known that contributory negligence, or in present parlance, comparative negligence, may not be found by the court as a matter of law unless the facts so clearly reveal . . . negligence that reasonable minds could not disagree as to its existence."); *Bouchard v. CSX Transp., Inc.*, 196 F. App'x 65, 70 (3d Cir. 2006) ("Comparative negligence is ordinarily an issue for the jury").

## IV.   CONCLUSION

Accordingly, the Plaintiffs' motion for summary judgment (doc. 33) is denied.  An appropriate order shall follow.


Date: July 15, 2026                     s/*Sean A. Camoni*
                                        Sean A. Camoni
                                        United States Magistrate Judge